UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANNIE MAE ("FEDERAL NATIONAL MORTGAGE ASSOCIATION")<br><br>    Plaintiff,<br><br>        v.<br><br>VANCE EZELL, REBECCA EZELL,<br><br>    Defendants. | 1:11-cv-00973 OWW SMS<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND (DOC. 6) |

This action concerns real property located at 4132 West Paul Avenue, Fresno, California 93722 ("Subject Property"). Plaintiff, Federal National Mortgage Association ("Fannie Mae"), purchased the Subject Property at a trustee's sale on November 5, 2010.  Doc. 1, Complaint, at ¶ 4.  Defendants Vance and Rebecca Ezell were served with a written 3-Day Notice to Vacate on January 7, 2011.  *Id.*, Exs. B & C.  Defendants failed to comply with the Notice to Vacate, *id.* at ¶ 9, and Fannie Mae filed an action for unlawful detainer in Fresno County Superior Court on January 20, 2011, see generally, Doc. 1 at p. 10 of 26.  On June 13, 2011, Defendants removed the case to federal court on the

basis of federal question jurisdiction.  *See* Doc. 1, Notice of Removal, at 2-3.

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed <u>within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based</u>, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  Defendants' own Demurrer admits Defendants were served with the complaint for unlawful detainer on January 21, 2011.  Doc. 1, Ex. B, p. 22 of 26.  Removal on June 13, 2011 was untimely.

Even if, *arguendo*, removal was timely, there is no basis for subject matter jurisdiction over this case.  The standard for removal is set forth in 28 U.S.C. § 1441, which provides that a defendant may remove to federal court any action over which the federal court would have original jurisdiction:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over civil actions arising under the U.S. Constitution, federal laws, or treaties of the United States -- so called "federal questions."  28 U.S.C. § 1331.  Federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  The existence of a defense based on federal law is insufficient.  *Id*.  Here, there is no federal question jurisdiction because the face of the complaint reveals only one claim: a state law cause of action for unlawful detainer, to recover possession of real property, an inherently local action, involving the law of real property and contract.  That Defendants claim that the Notice to Quit failed to comply with the Protecting Tenants in Foreclosure Act, 12 U.S.C. § 5220 is irrelevant under the well-pleaded complaint rule.

Alternatively, a Federal court may assert original jurisdiction over civil actions where the matter in controversy exceeds $75,000 in value, exclusive of interest and costs, and is between citizens of different States, pursuant to the "diversity" statute, 28 U.S.C. § 1331.  Here, based on Defendants' own admission in their removal papers, they reside at the Subject Property, which is located in California.  Doc. 1, Demurrer, p. 22 of 26.  Defendants are citizens of the state in which this

action is brought and therefore are barred from removing this case to federal court.

Plaintiff also requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand, in the amount of $875 plus costs.  Doc. 6 at 3; Doc. 6, Declaration of Glenn H. Wechsler, at ¶ 4.  28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c), only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  A *pro se* defendant is "entitled to more leeway in his attempt to comply with the removal statute, as long as it was not objectively unreasonable."  *HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195 (S.D. Cal. Nov. 10, 2009).  Nevertheless, pro se litigants "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Defendants have failed to offer any explanation for this removal, which fails to comply with the facial requirements of the removal statute, and have filed no opposition.

Plaintiff's fee request includes 6.0 billable hours to review the notice of removal, prepare a motion to remand,

4

memorandum of points and authorities, and a declaration. Billing rates for Fannie Mae are $175/hour, for a total of $875. This motion did not require 6.0 hours of billable time. This is a straightforward motion to remand that should have been prepared largely from experience. The motion did not even raise the most obvious defect in the removal, timeliness. For overbilling and shoddy work, Plaintiff's motion for attorney's fees is DENIED.

## CONCLUSION

For the reasons set forth above:

(1) This action is REMANDED to Fresno County Superior Court; and

(2) Plaintiff's request for attorney's fees is DENIED.

Plaintiff shall submit a proposed order consistent with this memorandum decision within five (5) days following electronic service.

SO ORDERED
Dated:   July 26, 2011

                                        /s/ Oliver W. Wanger
                                           Oliver W. Wanger
                                    United States District Judge